[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2006
THOMAS K. KAHN
CLERK

No. 06-11417
Non-Argument Calendar
_____

D. C. Docket No. 04-01312-CV-5-IPJ

JESSIE MCDANIEL,
an individual and as Administrator
of the Estate of Roger Wayne McDaniel, deceased,

Plaintiff-Appellant,

versus

CULLMAN COUNTY, AL,
a state entity by and through the Cullman
County Commission, as state entity,
TYLER RODEN,
Cullman County Sheriff, in his
individual capacity,
BRIAN BUEGLER,
Cullman County Jail Warden; Lt.,
Cullman County Jail Administrator, in
his individual capacity
JOHN KEYS,
Cullman County Jailer, Officer,
individual capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Alabama

**(June 28, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jessie McDaniel appeals from the district court's grant of summary judgment to defendants on wrongful death and § 1983 claims relating to the death of his son, Roger Wayne McDaniel, in Alabama's Cullman County Jail. We understand Jessie McDaniel to raise three related but distinct arguments: first, that the district court abused its discretion in admitting the testimony of Dr. Emily Ward as an expert witness; second, that the district court's ruling should be reversed upon *de novo* review because Dr. Ward's allegedly inadmissible expert testimony was an essential basis for the court's grant of summary judgment to Defendants; and third, in the alternative, that Dr. Ward's testimony was inadmissible as hearsay to the extent it was factual rather than expert evidence.

We agree with Jessie McDaniel that Dr. Ward's testimony is properly understood as expert testimony. But even if, as such, its admission constituted an erroneous abuse of discretion, we may not reverse the district court's related

2

evidentiary ruling unless it resulted in "substantial prejudice." Conroy v. Abraham Chev.-Tampa, Inc., 375 F.3d 1228, 1232 (11th Cir. 2004). The only prejudice allegedly suffered by Jessie McDaniel was the district courts's reliance upon Dr. Ward's testimony in considering Defendants' motion for summary judgment. That testimony, however, did no more than confirm the otherwise unrefuted results of an autopsy conducted by Alabama Department of Forensic Sciences. Having presented no substantial evidence of his own, Jessie McDaniel cannot successfully claim that he suffered prejudice from the admission or consideration of Dr. Ward's merely corroborative testimony.

This same logic also explains why we cannot reverse the district court's summary judgment upon *de novo* review. The only basis for that request is the district court's admission and use of Dr. Ward's testimony – which, again, simply confirmed an otherwise uncontradicted finding on one of a number of questions (the cause of Roger's death) at issue in this case. It is therefore impossible that, had Dr. Ward's expert testimony been excluded, a genuine issue of material fact would have remained to preclude summary judgment. Accordingly, the decision of the district court is

**AFFIRMED.**